UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-cv-0328 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| SHERIFF, SACRAMENTO COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a Sacramento County pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges pretrial proceedings with respect to Sacramento County criminal case no. 19FE021761. It does not appear that petitioner has been convicted with respect to any charges filed in that case.

Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.' " Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

/////

1

"The <u>Younger</u> doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." <u>Miofsky v. Superior Court</u>, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the <u>Younger</u> doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir.) (quoting <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Here, petitioner does not point to anything suggesting the great and immediate threat of irreparable injury as a result of extraordinary circumstances necessary for this court to be justified in reviewing ongoing state court proceedings. Accordingly, the court will recommend that petitioner's § 2241 petition be dismissed.

Petitioner also asks that the Sacramento County criminal proceedings be stayed pending the outcome of this case. In light of the court's recommendation that the § 2241 petition be dismissed, a stay is not appropriate.

Petitioner's motions to expedite resolution of his § 2241 petition will be denied as moot.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's requests that resolution of his 28 U.S.C. § 2241 petition be expedited are denied as moot; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay of state court proceedings (ECF No. 4) be denied.

2. Petitioner's petition for a writ of habeas corpus be dismissed pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2024

                                          */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jame0328.you