UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF, SACRAMENTO COUNTY,<br><br>Respondent. | No. 2:24-cv-00328-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 4, 13, 17, 18, 19) |

Petitioner Ronald Eugene James is a pretrial detainee proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed because petitioner's underlying state criminal proceedings are still pending, and thus application of the *Younger* abstention doctrine requires dismissal of this federal habeas action without prejudice. (Doc. No. 13) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On March 13, 2024, petitioner filed objections to the findings and recommendations, along with exhibits in support of his objections. (Doc. Nos. 15, 16.) Respondent did not file a response thereto or objections of his own.

1

1      In his objections, petitioner primarily summarizes various grievances that he has with his
2 appointed counsel in his ongoing state criminal proceedings.  (Doc. No. 15.)  Petitioner also
3 expresses several grievances with the conduct of the state superior court judge presiding over his
4 state criminal proceedings.  (*Id.*)  But these grievances simply do not provide a basis upon which
5 to reject the pending findings and recommendations.  Notably, petitioner does not dispute that his
6 state criminal proceedings remain ongoing.  As a result, his federal habeas petition must be
7 dismissed pursuant to the *Younger* abstention doctrine.

8      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
9 court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
10 including petitioner's objections and supporting exhibits, the court finds the findings and
11 recommendations to be supported by the record and proper analysis.

12     Having concluded that the pending petition must be dismissed, the court also declines to
13 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
14 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
15 *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
16 only issue a certificate of appealability when a petitioner makes a substantial showing of the
17 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
18 relief on procedural grounds without reaching the underlying constitutional claims, the court
19 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
20 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
22 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
23 would not find the court's determination that the pending petition must be dismissed to be
24 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

25     Accordingly,

26     1.   The findings and recommendations issued on February 21, 2024 (Doc. No. 13) are
27          adopted in full;

28 /////

2. The petition for writ of habeas corpus (Doc. No. 2) is dismissed, without prejudice;

3. The court declines to issue a certificate of appealability;

4. Petitioner's request for expedited proceedings and motion to stay (Doc. No. 4) is denied as having been rendered moot by this order;

5. Petitioner's other pending motions (Doc. Nos. 17, 18, 19) are likewise denied as having been rendered moot by this order; and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 16, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE